## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMBERLY B. ALDERFER, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No.  05-1084-MLB |
| ) | |
| THE BOARD OF TRUSTEES OF THE ) | |
| EDWARDS COUNTY HOSPITAL AND ) | |
| HEALTHCARE CENTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to dismiss plaintiff's claim for breach of an employment contract.  (Doc. 7). The matter has been fully briefed and is ripe for decision.  (Doc. 8, 14).  Defendant's motion is denied for the reasons set forth herein.

### I.  MOTION TO DISMISS STANDARDS RULE 12(B)(6)

The standards this court must utilize upon a motion to dismiss are well known.  This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive.  See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.

1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.  See Robinson, 117 F. Supp.2d at 1129.

**II.  FACTS**

Plaintiff was employed by defendant as a hospital administrator. Plaintiff began this position on September 28, 2002.  Plaintiff and defendant executed an "Employment Agreement" that set out the terms of her position.  The agreement included the following:

> This agreement, dated the 28 day of September 2002 between the Board of Trustees of the Edwards County Hospital, hereinafter referred to as the EMPLOYER and Kim Alderfer, hereinafter referred to as the ADMINISTRATOR.
>
> 1. EMPLOYMENT: The EMPLOYER employs the ADMINISTRATOR and the ADMINISTRATOR accepts employment upon the terms and conditions of this agreement.
>
> 2. TERM: The term of this agreement shall be for (1) year and shall be reviewed annually following the annual performance appraisal of the ADMINISTRATOR.
>
> 3. COMPENSATION: The EMPLOYER shall pay the ADMINISTRATOR for all services rendered a salary of $67,000 a year, payable in twenty-six equal installments pursuant to the regularly scheduled payroll of the hospital.  EMPLOYER will do a performance review each year and decide upon salary adjustments if warranted.  Salary payments shall be subject to withholding and other applicable taxes.

(Doc. 1, exh. 1).

The agreement also included paragraphs describing her duties,

expenses, vacation, other benefits and sick leave. The agreement was renewed annually by the parties and the last renewal occurred on October 22, 2004. Plaintiff was terminated on February 4, 2005.

Plaintiff filed suit alleging breach of contract and violation of her due process rights. Defendant seeks dismissal of plaintiff's breach of contract claim on the grounds that plaintiff was an at-will employee and the contract did not provide her with a set term of employment.

### III. ANALYSIS

Kansas adheres to the common law doctrine of employment-at-will. Ramirez v. IBP, Inc., 913 F.Supp. 1421, 1428 (D. Kan. 1995). Employees are considered at-will employees unless there is an express or implied contract of employment. Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 537 (10th Cir. 1995). In the absence of a contract governing the duration of employment, the employment is terminable at the will of either party. Dickens v. Snodgrass, Dunlap & Co., 255 Kan. 164, 172, 872 P.2d 252, 259 (1994).

Defendant asserts that the employment agreement does not guarantee plaintiff continued employment, but only specifies a salary proportionate to a unit of time. Defendant cites Crump v. WLBB Broadcasting, L.L.C., 2004 WL 90061 (Kan. App. Jan. 16, 2004), to stand for the proposition that a contract that merely specifies a salary proportionate to units of time does not indicate that the parties have agreed that the employment is to continue for the stated unit of time. In Crump, the Kansas Court of Appeals was faced with an employment agreement that read in pertinent part: "Your compensation will be a guaranteed salary of $60,000 for a period of

-3-

12 months." Id. at *3. The defendant asserted that the "sentence merely specifies a salary proportionate to a unit of time and does not, of itself, indicate the parties agreed that the employment was to continue for 1 year." Id.

The court in Crump disagreed with the defendant and found the language to be "ambiguous with regard to whether it created a 1-year term of employment." Id. The court held that it was necessary to look at extrinsic evidence and ultimately determined that the parties had created a contract for an employment term of one year. Similar to Crump, the employment agreement contains a paragraph that states plaintiff's salary will be $67,000 a year, payable in twenty-six equal installments. The agreement also includes a paragraph that states the term of the employment agreement to be for (1) year, to be renewed annually. By reviewing the employment agreement and construing all well-pleaded facts and the reasonable inferences derived from those facts in the light most favorable to plaintiff, this court cannot conclude as a matter of law that the agreement did not guarantee plaintiff an employment term of one year. According to the Kansas Court of Appeals' decision in Crump, this court must look outside of the agreement to determine whether the parties intended to create a one year term of employment. At this juncture, this the court cannot do.

**IV. CONCLUSION**

Defendant's motion to dismiss is accordingly DENIED.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is

appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).

Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this 30th day of June 2005, at Wichita, Kansas.

>s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE